UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SATWANT S. SAHOTA, an individual, and JASDEE SHAKER, an individual,<br><br>           Plaintiffs,<br><br>     v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>           Defendants. | No. 2:24-cv-136 WBS AC<br><br>ORDER RE: PLAINTIFFS' MOTION FOR ATTORNEYS' FEES |

----oo0oo----

The parties settled this vehicular warranty action arising under the Song-Beverly Act, Cal. Civ. Code § 1794, without resolving "the issue of attorneys' fees and costs." (Docket No. 17 at 2.)  Plaintiffs Satwant S. Sahota and Jasdee Shaker (collectively, "plaintiffs") now move for $101,149.61 in attorneys' fees and costs.  (Docket No. 33 at 2, 8, 13, 25.) Defendant Mercedes-Benz USA, LLC ("defendant") opposes on the

ground that plaintiffs are entitled to "no more than $16,830.00" in attorneys' fees and costs. (Docket No. 22 at 11.) The parties appear to agree that plaintiffs may recover some reasonable "attorneys' fees and costs." (Docket No. 17 at 2 (citing Cal. Civ. Code § 1794(d)).)

The applicable fee-shifting statute provides that a prevailing buyer may recover "a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). "State law governs attorney's fees awards based on state fee-shifting laws," such as the Song-Beverly Act. Graham-Sult v. Clainos, 756 F.3d 724, 751 (9th Cir. 2014). "The fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1095-96 (2000) (capitalization altered). The lodestar may then by adjusted upward or downward by the court based on relevant factors. See Ketchum v. Moses, 24 Cal. 4th 1122, 1131-32 (2001).

"A 'reasonable' number of hours equals 'the number of hours which could reasonably have been billed to a private client.'" Gonzalez v. City of Maywood, 729 F.3d 1196, 1202-03 (9th Cir. 2013) (citation modified) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111-12 (9th Cir. 2008)). "The reasonable hourly rate is that prevailing in the community for similar work." PLCM Grp., 22 Cal. 4th at 1095. "Generally, when determining a reasonable hourly rate, the relevant community is

1 the forum in which the district court sits." Camacho v.
2 Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008).  The
3 court may only use "rates from outside the forum . . . 'if local
4 counsel was unavailable.'" Owen v. Hyundai Motor Am., No. 2:22-
5 cv-882 KJM CKD, 2024 WL 3967691, at *3-4 & nn.4-6 (E.D. Cal. Aug.
6 28, 2024) (quoting Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir.
7 1997)).

8     Local Rule 293(c) provides the following non-exhaustive
9 list of factors that may guide the court's award of attorneys'
10 fees: (1) the time and labor required of the attorney(s), (2) the
11 novelty and difficulty of the questions presented, (3) the skill
12 required to perform the legal service properly, (4) the
13 preclusion of other employment by the attorney(s) because of the
14 acceptance of the action, (5) the customary fee charged in
15 matters of the type involved, (6) whether the fee contracted
16 between the attorney and the client is fixed or contingent, (7)
17 any time limitations imposed by the client or the circumstances,
18 (8) the amount of money, or the value of the rights involved, and
19 the results obtained, (9) the experience, reputation, and ability
20 of the attorney(s), (10) the "undesirability" of the action, (11)
21 the nature and length of the professional relationship between
22 the attorney and the client, (12) awards in similar actions, and
23 (13) such other matters as the Court may deem appropriate under
24 the circumstances.  L.R. 293(c); accord Kerr v. Screen Extras
25 Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (identifying the
26 same factors as relevant), abrogated on other grounds by City of
27 Burlington v. Dague, 505 U.S. 557, 561-67 (1992).

28     Plaintiffs propose a lodestar figure of $63,302.50,

1  based on 113.8 hours billed by seven attorneys (five associates
2  and two partners), at hourly rates ranging from $550.00 to
3  $700.00.  (See Decl. of Sepehr Daghighian ("Daghighian Decl.")
4  Ex. A at 9-10 (Docket Nos. 21-1, 21-2)).  Plaintiffs provide
5  itemized billing of the work performed on the matter, broken down
6  by each attorney.  (Id. at 1-9.)

7        After reviewing plaintiffs' legal bills, the court
8  finds no issue with their counsel's individual time entries.
9  See Shepard v. Miler, No. 2:10-cv-1863 WBS JFM, 2011 WL 1740603,
10 at *3-6 (E.D. Cal. May 5, 2011).  Defendant opposes the instant
11 motion on the ground that plaintiffs' counsel used "improper
12 block-billing" but cites no case law from this court reducing an
13 award of attorneys' fees for that reason.  (See Docket No. 22 at
14 7-8.)  Likewise, the court finds no evidence that plaintiffs'
15 counsel exaggerated their time billed.  (Id. at 8-9.)  The
16 challenged entries appear recoverable in nature and reasonable in
17 amount.  See Reade v. N.Y. Times Co., No. 2:22-cv-543 WBS KJN,
18 2023 WL 2602296, at *2-3 (E.D. Cal. Mar. 22, 2023).  Thus, the
19 court declines to modify the amount of fees awarded for that
20 reason.

21       Sacramento, or the Eastern District of California more
22 broadly, is the "relevant community" for purposes of using an
23 hourly rate to calculate a lodestar.  See Camacho, 523 F.3d at
24 979.  Some of the rates sought exceed what is typically awarded
25 here in this district.  See Owen, 2024 WL 3967691, at *3-4 &
26 nn.4-6 (collecting cases).  Even though plaintiffs' counsel has a
27 local office in Sacramento, it appears that each attorney who
28 worked on this case is instead based in the Central District of

4

1 | California.  (See Daghighian Decl. ¶¶ 16-25.)  The Central
2 | District, encompassing Los Angeles and surrounding communities,
3 | typically awards higher fees than the Eastern District does.
4 | See Reade, 2023 WL 2602296, at *1-2.  Indeed, the rates sought
5 | appear more consistent with rates that have been approved in the
6 | districts in which the attorneys' offices are located.
7 |   Michael A. Brim, with twenty years of experience
8 | practicing law, billed 56.2 hours in this matter at an hourly
9 | rate of $550.00.  (Daghighian Decl. ¶ 12.)  Miguel A. Ortiz, with
10 | nineteen years of experience, billed 22.6 hours here at a rate of
11 | $525.00.  (Id. ¶ 13.)  Alastair F. Hamblin, who has practiced law
12 | for thirteen years, billed 19.4 hours in the case at an hourly
13 | rate of $550.00.  (Id. ¶ 11.)  Brian T. Shippen-Murray, who has
14 | thirteen years of experience, billed 1.3 hours here at a rate of
15 | $550.00.  (Id. ¶ 9.)  Sepehr Daghighian, one of the two partners
16 | who worked on the matter, has twenty years of experience
17 | practicing law and billed 11.1 hours in the matter at an hourly
18 | rate of $625.00.  (Id. ¶¶ 1-7.)[1]
19 |   Last year, this court found that the appropriate hourly
20 | rates for attorneys with 21-23 years of experience was $500.00.
21 | See Owen, 2024 WL 3967691, at *3-5 & nn.4-6.  It also concluded
22 | that the work of an attorney who had 14 years of experience was

---

[1] The other associate, Michael W. Oppenheim, has a billing rate of $350.00 with five years of experience practicing law.  (See Daghighian Decl. ¶ 10.)  The second partner Michael H. Rosenstein has practiced law for 32 years and billed 3.1 hours in this case at a rate of $700.00.  (Id. ¶ 8.)  Because their hourly rates better match their experience, and the two lawyers only billed for 3.2 hours between the two of them, the court declines to reduce what these two attorneys have billed.  See Owen, 2024 WL 3967691, at *3-4 & nn.4-6.

compensable at an hourly rate of $375.00.  Id.

Accordingly, the court adjusts the associates' hourly rates as follows: Brim from $550.00 to $500.00, Ortiz from $525.00 to $500.00, Hamblin from $550.00 to $375.00, and Shippen-Murray from $550.00 to $375.00.  Id.  Similarly, for Daghighian, the court adjusts his hourly rate from $625.00 to $500.00.  The difference between what plaintiffs' counsel billed and what they should have billed for work in the Eastern District's community is $8,385.00.  Accordingly, the court reduces the suggested lodestar amount from $63,302.50 to $54,917.50.[2]

Plaintiffs contend that the court should further multiply the lodestar amount by 150% based on numerous factors, including the novelty of the legal issues, the high skill level of the attorneys that worked on the matter, and the results obtained.  (See Docket No. 21 at 20-23.)  The court disagrees.  Notwithstanding counsel's self-serving assertions that his firm is far superior to the other law firms routinely handling Song-Beverly Act cases, the court finds nothing unusually complex about the facts or law in this case, counsel's qualifications, or the result obtained that would warrant a departure from the lodestar amount.

The court has rarely if ever increased attorneys' fees

---

[2]   At oral argument on June 9, 2025, plaintiffs' counsel repeatedly cited Jensen v. BMW of North America, Inc., 35 Cal. App. 4th 112, 137-38 (3d Dist. 1995), for the proposition that the court should use hourly rates billed by attorneys in Los Angeles.  This case was not only overruled in part by the California Supreme Court, see Rodriguez v. FCA US LLC, 17 Cal. 5th 189, 204-06 (2024), but also has nothing at all to do with attorneys' fees, instead addressing "expert witness fees." See Jensen, 35 Cal. App. 4th at 137-38.

by a multiplier in analogous cases involving the same or peer defendants and similar causes of action.  See, e.g., Davis v. Mercedes-Benz USA, LLC, No. 2:21-cv-174 KJM KJN, 2022 WL 16529527, at *3-4 (E.D. Cal. Oct. 28, 2022) ("No multiplier is warranted here."); Cianchetta v. BMW of N. Am., LLC, No. 2:20-cv-241 KJM JDP, 2022 WL 2160556, at *6-7 (E.D. Cal. June 15, 2022) (same); Nagesh v. BMW of N. Am., LLC, No. 2:18-cv-829 KJM JDP, 2021 WL 1060357, at *4-5 (E.D. Cal. Mar. 19, 2021) ("No enhancement to the lodestar award is appropriate in this case, which involved no novel or difficult issues, no unusually skilled work by counsel, and no other employment precluded."); Seebach v. BMW of N. Am., LLC, No. 2:18-cv-109 KJM AC, 2020 WL 4923664, at *6-7 (E.D. Cal. Aug. 21, 2020) (same); see also Owen, 2024 WL 3967691, at *8-9 (reducing award of attorneys' fees by a multiplier instead).

Therefore, the court will not multiply the lodestar amount because it "represents the fair market value of this particular action." Siafarikas v. Mercedes-Benz USA, LLC, No. 2:20-cv-1784 JAM AC, 2022 WL 16926265, at *3-4 (E.D. Cal. Nov. 14, 2022).

Because the court finds plaintiffs' modified award of attorneys' fee reasonable under Local Rule 293(c), the court finds plaintiffs are entitled to attorneys' fees as a prevailing party and shall be awarded the same.[3]

---

[3]   Pursuant to counsel's agreement at oral argument on June 9, 2025, the court will DENY plaintiffs' request for costs and expenses without prejudice subject to plaintiffs filing a properly formatted bill of costs after the court enters judgment pursuant to Local Rule 292.  In addition to complying with the Local Rule, plaintiffs' counsel is advised to provide supporting

1          IT IS THEREFORE ORDERED that plaintiffs' motion for
2    attorneys' fees, costs, and expenses (Docket No. 21) be, and the
3    same hereby is, GRANTED IN PART and DENIED IN PART.  Plaintiffs
4    are hereby awarded $54,917.50 in attorneys' fees.[4]

5    Dated:   June 10, 2025

             WILLIAM B. SHUBB
             UNITED STATES DISTRICT JUDGE

---

documentation for each item on the bill of costs.

[4] Under separate cover, plaintiffs objected to a declaration defense counsel filed in opposition to their motion. (See Docket Nos. 22-1, 24.)  "The general practice of objecting to evidence during motion practice is unproductive and unnecessary." Shepard, 2011 WL 1740603, at *5-6 (capitalization altered) (citing Burch v. Regents of the Univ. of Cal., 433 F. Supp. 2d 1110, 1118-20 (E.D. Cal. 2006) (Shubb, J.)).  The court OVERRULES their "boilerplate evidentiary objections." See Siafarikas, 2022 WL 16926265, at *1 n.2; see also Davis, 2022 WL 16529527, at *1 n.1 ("To the extent this court's analysis implicates any declaration to which there was an objection, such objection is overruled.").